THE ATTORNEY GENERAL'S OFFICE HAS RECEIVED YOUR REQUEST FOR AN INFORMAL OPINION CONCERNING THE PROPRIETY OF VARIOUS INTERESTS YOU WOULD LIKE TO MAINTAIN WHILE YOU SERVE AS ADMINISTRATOR FOR THE OKLAHOMA DEPARTMENT OF SECURITIES. ALTHOUGH YOUR REQUEST IS OUT OF THE ORDINARY BECAUSE IT WAS MADE BEFORE YOU BECAME ADMINISTRATOR FOR THE OKLAHOMA DEPARTMENT SECURITIES, ROBERT HENRY AGREED TO ASSIST YOU IN RESOLVING YOUR CONCERNS BEFORE YOU BEGAN YOUR TENURE AS ADMINISTRATOR. BASED UPON THE CIRCUMSTANCES PRESENTED, YOUR REQUEST IS NOT INAPPROPRIATE. THE PERTINENT FACTS YOU HAVE PROVIDED TO ME ARE AS FOLLOWS:
 "1. YOU BECAME ADMINISTRATOR FOR THE OKLAHOMA DEPARTMENT OF SECURITIES ON JULY 1, 1991.
 2. AS A MEMBER OF THE ANDREWS, DAVIS LAW FIRM, YOU PARTICIPATE IN A PROFIT SHARING PLAN. THE LAW FIRM CONTRIBUTES MONEY TO THIS PLAN ON BEHALF OF THE PARTICIPANT. THE PARTICIPANT MAKES NO CONTRIBUTION TO THE PLAN. THE PARTICIPANT HAS NO RIGHT TO DETERMINE HOW MUCH MONEY IS CONTRIBUTED TO THE PLAN. ONLY EMPLOYEES OF THE ANDREWS, DAVIS LAW FIRM ARE ELIGIBLE TO PARTICIPATE IN THIS PROFIT SHARING PLAN. THE PARTICIPANT IS NOT ENTITLED TO ANY DISTRIBUTION OF ANY VESTED INTEREST UNTIL 12 MONTHS AFTER THE EXPIRATION OF THE YEAR IN WHICH HE LEAVES THE LAW FIRM. IF YOU ELECTED FOR A DISTRIBUTION OF THESE FUNDS BEFORE THE EXPIRATION OF THIS TERM, THE ENTIRE PLAN WOULD LOSE ITS IRS CLASSIFICATION.
 3. YOU ARE ONE OF TWENTY-ONE LIMITED PARTNERS IN WEST END PROPERTIES. THIS LIMITED PARTNERSHIP WAS FORMED IN 1982 AND ALL LIMITED PARTNERS EXCEPT ONE ARE SHARE HOLDERS OF THE ANDREWS, DAVIS LAW FIRM. THE ONLY ASSET HELD BY THIS LIMITED PARTNERSHIP IS A 25% OWNERSHIP INTEREST IN 500 MAIN ASSOCIATES. FIVE HUNDRED MAIN ASSOCIATES OWNS THE BUILDING IN WHICH THE ANDREWS, DAVIS LAW FIRM IS LOCATED.
 4. YOU ARE A LIMITED PARTNER IN GRAND CENTRAL WEST LIMITED PARTNERSHIP. GRAND CENTRAL WEST WAS FORMED IN 1990 WITH 26 LAWYERS FROM THE ANDREWS, DAVIS LAW FIRM. THE ONLY ASSET HELD BY GRAND CENTRAL WEST IS A PROMISSORY NOTE SECURED BY A MORTGAGE ON THE BUILDING ON WHICH THE ANDREWS, DAVIS LAW FIRM IS LOCATED. NEW MEMBERS OF THE ANDREWS, DAVIS LAW FIRM CAN ELECT TO PURCHASE AN INTEREST IN THIS LIMITED PARTNERSHIP WHEN THEY BECOME MEMBERS OF THE FIRM. ONLY MEMBERS OF THE FIRM ARE ENTITLED TO THIS ELECTION.
 5. NEITHER THE WEST END PROPERTIES LIMITED PARTNERSHIP NOR GRAND CENTRAL WEST LIMITED PARTNERSHIP ARE MAKING OR PLAN TO MAKE ANY OTHER PURCHASES OR INVESTMENTS.
 6. YOU ARE TRUSTEE FOR A TRUST IN WHICH YOUR FOUR DAUGHTERS ARE NAMED AS BENEFICIARIES. THE ONLY ASSET HELD BY THIS TRUST IS AN INTEREST IN MONEY MARKET FUNDS.
YOUR QUESTION REQUIRES AN ANALYSIS OF THE OKLAHOMA SECURITIES ACT, 71 O.S. 1 (1981) ET SEQ., AND RELEVANT CASE LAW.
TITLE 71 O.S. 9(B) PROVIDES, IN PERTINENT PART:
 "THE ADMINISTRATOR, WHILE SERVING AS ADMINISTRATOR, SHALL NOT SERVE AS AN OFFICER OR DIRECTOR, OWN STOCK OF OR BE FINANCIALLY INTERESTED IN ANY PERSON SUBJECT TO THE JURISDICTION OF THE COMMISSION OR THE ADMINISTRATOR."
TITLE 71 O.S. 2(N) (1991) PROVIDES:
 "PERSON" MEANS AN INDIVIDUAL, A CORPORATION, A PARTNERSHIP, AN ASSOCIATION, A JOINT STOCK COMPANY, A TRUST WHERE THE INTEREST OF THE BENEFICIARIES ARE EVIDENCED TO BUY A SECURITY, AN UNINCORPORATED ORGANIZATION, A GOVERNMENT, OR A POLITICAL SUBDIVISION OF THE GOVERNMENT."
TITLE 71 O.S. 401(A) (1991) PROVIDES, IN PERTINENT PART:
 "THE FOLLOWING SECURITIES ARE EXEMPT FROM 71 O.S. 301 AND 71 O.S. 402 OF THIS TITLE:
 10) ANY INVESTMENT CONTRACT OR OTHER SECURITY OFFERED, SOLD, ISSUED, DISTRIBUTED OR TRANSFERRED IN CONNECTION WITH AN EMPLOYEE STOCK PURCHASE, STOCK OPTION, SAVINGS, PENSION, THRIFT, PROFIT-SHARING OR SIMILAR BENEFIT PLAN OR TRUST (INCLUDING A SELF EMPLOYED PERSON' RETIREMENT PLAN OR TRUST)."
TITLE 71 O.S. 401(B) (1990) PROVIDES, IN PERTINENT PART:
 "THE FOLLOWING TRANSACTIONS ARE EXEMPTED FROM SECTIONS 301 AND 402 OF THIS TITLE:
 (9)(A) ANY SALE BY AN ISSUER TO NOT MORE THAN FIFTEEN (15) NON-ACCREDITED INVESTORS WHEREVER LOCATED AND TO NOT MORE THAN FIFTY (50) ACCREDITED INVESTORS WHEREVER LOCATED DURING ANY PERIOD OF 12 CONSECUTIVE MONTHS, IF: (I) THE ISSUER REASONABLY BELIEVES THAT ALL PURCHASERS ARE PURCHASING FOR INVESTMENT; (II) NO COMMISSION IS PAID OR GIVEN DIRECTLY OR INDIRECTLY AS CONSIDERATION FOR ANY SUCH SOLICITATION OR SALE; (III) NO PUBLIC ADVERTISING NOR SOLICITATION IS USED IN ANY SUCH SOLICITATION OR SALE."
ALTHOUGH THE FOREGOING STATUTORY PROVISIONS WILL BE HELPFUL IN RESOLVING YOUR QUESTION, WE MUST STILL DETERMINE THE MEANING OF THE PHRASES SUBJECT TO AND FINANCIALLY INTERESTED. ALTHOUGH THE PHRASE "SUBJECT TO" IS NOT DEFINED IN OKLAHOMA CASE LAW, THE PHRASE IS DEFINED AS LIABLE, SUBORDINATE, SUBSERVIENT, INFERIOR, OBEDIENT TO, GOVERNED BY OR AFFECTED BY. BLACKS LAW DICTIONARY, 6TH ED. THE PHRASE FINANCIAL INTEREST IS DEFINED AS AN INTEREST EQUATED WITH MONEY OR ITS EQUIVALENT. ID. INTEREST IS DEFINED AS A RIGHT CLAIM, TITLE OR LEGAL SHARE IN SOMETHING. BLACKS LAW DICTIONARY, 6TH ED. WITH THESE PRINCIPLES IN MIND, WE MUST NOW ADDRESS THE QUESTIONS YOU PRESENTED.
BASED UPON 71 O.S. 401(A)(10) (1980) IT IS MY OPINION THAT THE PENSION AND PROFIT SHARING PLAN IN WHICH YOU PARTICIPATE IS EXEMPT FROM TITLE 71 O.S. 301 (1990) AND 71 O.S. 402 (1990). HOWEVER, EVEN THOUGH THIS PENSION AND PROFIT SHARING PLAN IS EXEMPT FROM SECTIONS 301 AND 402, WE MUST STILL ADDRESS THE PROVISIONS OF 71 O.S. 101. THIS IS THE GENERAL STATUTORY PROVISION RELATING TO THE FRAUDULENT SALE OR PURCHASE OF SECURITIES. BASED UPON EXISTING CASE LAW, IT IS MY OPINION THAT 101 ONLY RELATES TO TRANSACTIONS.
IN MIDCONTINENT CASING COMPANY V. MCALESTER AIRCRAFT, 349 F.2D 885 (10TH CIR. 1965), THE TENTH CIRCUIT COURT OF APPEALS STATED THAT THE PURPOSE OF THE OKLAHOMA SECURITIES ACT PROVISION RELATING TO SALES AND PURCHASES WAS TO PROTECT THE BUYER OF SECURITIES FROM FRAUD PRACTICED UPON HIM BY THE SELLER AND THE SELLER OF SECURITIES FROM FRAUD PRACTICED UPON HIM BY THE BUYER. EVEN THOUGH YOU PARTICIPATE IN THIS PLAN, YOU HAVE NO RIGHT TO DETERMINE HOW MUCH MONEY IS CONTRIBUTED TO THE PLAN. ANY ALLEGATION OF FRAUD OR DECEIT MAY POSSIBLY SUBJECT THIS PLAN TO THE JURISDICTION OF THE OKLAHOMA SECURITIES COMMISSION. HOWEVER, JURISDICTION WOULD ONLY EXIST AS TO A POSSIBLE OR HYPOTHETICAL TRANSACTION. THERE APPEARS TO BE NO EXISTING ALLEGATIONS OF FRAUD OR DECEIT SO IT IS MY OPINION THAT THIS PLAN IS NOT SUBJECT TO THE JURISDICTION OF THE COMMISSION AT THIS TIME.
IT IS ALSO MY OPINION THAT NEITHER YOUR INTEREST IN WEST END PROPERTIES NOR YOUR INTEREST IN GRAND CENTRAL WEST ARE SUBJECT TO ANY CONTINUING JURISDICTION OF THE COMMISSION OR THE ADMINISTRATOR. TITLE 71 O.S. 401(B)(9) CLEARLY EXEMPTS THIS TYPE OF LIMITED INVESTMENT FROM SECTIONS 301 AND 402. IT IS ALSO APPARENT THAT NEITHER OF THESE LIMITED PARTNERSHIPS ARE ENGAGED IN ANY TRANSACTION OR OFFERING WHICH WOULD POSSIBLY SUBJECT IT TO THE DEPARTMENT'S JURISDICTION.
ALTHOUGH THE TRUST IN WHICH YOUR DAUGHTERS ARE BENEFICIARIES MAY BE CONSIDERED A PERSON SUBJECT TO THE JURISDICTION OF THE COMMISSION, IT IS MY OPINION THAT YOU, AS TRUSTEE, ARE NOT FINANCIALLY INTERESTED IN THIS TRUST. AS TRUSTEE AND FATHER OF THE BENEFICIARIES, YOU OBVIOUSLY HAVE SOME PARENTAL AND FIDUCIARY INTEREST IN THIS TRUST. HOWEVER, YOU HAVE NO RIGHT, TITLE OR INTEREST IN THE CORPUS OF THE TRUST. SINCE YOU ARE NOT A BENEFICIARY OF THIS TRUST, YOUR INTEREST IS ONLY LIMITED TO YOUR STATUS AS TRUSTEE.
LASTLY, PLEASE REMEMBER THAT 71 O.S. 407(A) (1990) PROVIDES THE RELEVANT CRIMINAL PENALTIES. ALTHOUGH NO CRIMINAL VIOLATIONS ARE APPARENT FROM THESE FACTS, YOU SHOULD BE AWARE OF THIS STATUTE. SECTION 407(A) PROVIDES:
 "ANY PERSON WHO WILLFULLY VIOLATES ANY PROVISION OF THIS ACT EXCEPT SECTION 71 O.S. 403 OF THIS TITLE, OR WHO WILLFULLY VIOLATES ANY RULE OR ORDER UNDER THIS ACT, OR WHO WILLFULLY VIOLATES SECTION 403 OF THIS TITLE KNOWING THE STATEMENT MADE TO BE FALSE OR MISLEADING IN ANY MATERIAL RESPECT, SHALL BE GUILTY OF A FELONY AND SHALL UPON CONVICTION BE FINED NOT MORE THAN TEN THOUSAND DOLLARS ($10,000.00) OR IN PRISON NOT MORE THAN TEN (10) YEARS, OR BOTH."
I HAVE EXCLUDED FROM THIS LETTER ANY DISCUSSION OF THE OKLAHOMA RULES OF PROFESSIONAL CONDUCT, 5 O.S. APPENDIX 3-A, AND THE ETHICS COMMISSION ACT, CODIFIED IN 74 O.S. 4200 ET SEQ. AND SIGNED BY GOVERNOR WALTERS ON JUNE 13, 1991. ALTHOUGH NO VIOLATIONS OF EITHER OF THESE ACTS ARE APPARENT FROM THE FACTS PRESENTED, THIS DOES NOT MEAN THAT THESE ACTS MAY NOT BECOME RELEVANT AT SOME POINT IN THE FUTURE.
(THOMAS C. RIESEN)